UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GARY SMITH, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 22-cv-03168 |
| | ) |
| SHERRY SIMMONS *et al.*, | ) |
|     Defendants. | ) |

<u>**ORDER**</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16). Plaintiff has also filed Motions for Counsel (Doc. 6, 15), to Supplement (Docs. 10, 12), and for Status (Docs. 5, 8).

I.    **Amended Complaint**

    **A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff's Complaint alleges constitutional violations at Graham Correctional Center ("Graham"), where he is currently incarcerated. Plaintiff names former Graham Warden Glen Austin, Dr. Sherry Simmons, and Wexford Health Sources, Inc. ("Wexford") as Defendants.

On March 24, 2022, Plaintiff experienced a significant and painful hemorrhoid that prevented him from sitting down or having a bowel movement. Plaintiff received steroids, topical ointment, and a low bunk permit four days later. On April 1, 2022, Plaintiff returned to the healthcare unit, complaining of severe, chronic pain and an inability to sit or lie down. Defendant Simmons refused Plaintiff's request to have the hemorrhoid removed by a colorectal surgeon and, instead, lanced the lesion. Plaintiff described the procedure as brutal and painful. Three days later, Simmons apologized to Plaintiff for not recommending surgical removal.

On April 5, 2022, Plaintiff was transported to the Hillsboro Hospital for emergency medical care. The attending physician stated the hemorrhoid should have been removed, but he could not operate until Plaintiff's wound healed. Plaintiff was prescribed the opioid, Norco, and a topical ointment. Sometime later, Defendant Simmons discontinued the medication that offered Plaintiff some relief. Plaintiff filed an emergency grievance Defendant Austin ignored. Plaintiff also spoke to Austin about providing him with medical assistance to no avail.

Following hemorrhoid removal surgery, Defendant Simmons documented Plaintiff was progressing despite his reports of pain. Plaintiff later tested positive for methicillin-resistant staphylococcus aureus after experiencing painful bleeding. Plaintiff's symptoms included sickness, nausea, vomiting, and fever. In January 2023, Plaintiff had surgery to address a cyst that had formed on his tailbone. As a result, Plaintiff asserts that he is permanently disfigured and cannot sit without pain.

**C. Analysis**

"A medical professional acting in [her] professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted)).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff may establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's Motion for Leave to File an Amended Complaint is granted. The Court concludes that Plaintiff states an Eighth Amendment deliberate indifference claim against Defendant Austin for his inaction in response to Plaintiff's request for medical treatment and against Defendant Simmons for her treatment of Plaintiff's hemorrhoid condition.

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphases in original).

Plaintiff does not state a claim against Wexford as he does not allege a Wexford policy was the direct cause or moving force behind any constitutional violation. *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) ("The plaintiff . . . must establish a causal link between the corporation's policy (or lack of policy) and the plaintiff's injury."); *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012) ("To establish municipal liability, a plaintiff must show the existence of an 'official policy' or other governmental

Page **4** of **9**

custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights.") (quoting *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)).

## II. Recruitment of Counsel and Remaining Motions

Plaintiff has no constitutional right to counsel, and this Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's Motion for Counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motion shows that he has satisfied his threshold burden by demonstrating that he attempted to find counsel independently.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). "These two considerations 'are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand.'" (*Id.*) (quoting *Pruitt*, 503 F.3d at 655).

Specifically, courts should consider "whether the difficulty of the case—factually

and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Eagan*, 987 F.3d at 682. "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings." *Id*. The assessment "must include 'the tasks that normally attend litigation: evidence gathering, preparing[,] and responding to motions and other court filings, and trial.'" *Id*. "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his … case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id*. at 682-83.

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendants have been served and filed their answers to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's Motions for Counsel, with leave to renew on a more developed record.

Plaintiff filed motions to supplement his initial complaint by providing additional facts. These filings are moot, given the Court has granted his Motion for Leave to File an Amended Complaint. *See Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed . . . it became the governing document in the case and any allegations and parties not brought forward fell by the wayside.").

With the entry of the Court's Merit Review Order, Plaintiff's Motions for Status are moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Status (Docs. 5, 8) and to Supplement (Docs. 10, 12) are MOOT.**

2) **Plaintiff's Motions for Counsel (Docs. 6, 15) are DENIED with leave to renew.**

3) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16) is GRANTED. The Clerk of the Court SHALL docket Plaintiff's amended complaint.**

4) **The Court DIRECTS the Clerk of the Court to terminate Wexford Health Sources, Inc. as a party.**

5) **According to the Court's Merit Review screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference to serious medical need claims against Defendants Austin and Simmons. Plaintiff's claim proceeds against Defendants in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

6) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

7) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

8) **If a Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service.**

      Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

10) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

12) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

13) If Defendants fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

14) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

15) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED May 17, 2023.

                                                 s/ Colleen R. Lawless
                                    _____
                                             COLLEEN R. LAWLESS
                                  UNITED STATES DISTRICT JUDGE

3:22-cv-03168-KLM   # 17   Filed: 05/17/23   Page 9 of 9